UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:22-CV-144

| | |
|---|---|
| VICTORIA NORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>FAT BURGERS SPORTS BAR & GRILL, LLC and WILLIAM UZZELL, III,<br><br>    Defendants. | **COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, Victoria Norris ("Ms. Norris" or "Plaintiff"), by and through her undersigned counsel, hereby complains and alleges against Defendants Fat Burgers Sports Bar & Grill, LLC and William Uzzell, III ("Defendants") the following:

**INTRODUCTION**

1. Ms. Norris brings this action against her employer for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C.§2000e *et. seq.*), the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201 *et seq.*), the North Carolina Wage and Hour Act ("NCWHA" - N.C. Gen. Stat. §§ 95-25.1 *et seq.*), the North Carolina Retaliatory Employment Discrimination Act ("REDA" - N.C. Gen. Stat. § 95-241 *et seq.*), and North Carolina common law.

2. After Ms. Norris ended a romantic relationship with her boss, Defendant Uzzell (owner/operator of Defendant Fat Burgers Sports Bar & Grill, LLC), he subjected her to a tirade of demeaning sexual comments (such as "gold digging whore"), agressive/phyical conduct

1

(including kicking in the door to the women's restroom at work while Ms. Norris was inside), and stalking. Shortly after Ms. Norris reported Defendant Uzzell's suspected stalking to law enforcement, Defendants withheld her significant annual bonus.

3. Upon learning Ms. Norris had obtained legal counsel and was considering legal claims against Defendants, Defendants further reduced Ms. Norris' compensation and Defendant Uzzell has continued harassing and demeaning Ms. Norris at work.

4. Additionally, Defendants have failed to compensate Ms. Norris for any overtime, despite, for years, Ms. Norris regularly working in excess of 40 hours per week, sometimes in excess of 60 hours in a week.

## THE PARTIES

5. Plaintiff Victoria Norris is a citizen and resident of the United States and North Carolina.

6. Defendant Fat Burgers Sports Bar & Grill, LLC ("Fat Burgers") is a limited liability company registered in the state of North Carolina, operating as a restaurant and bar located at 1044 State Hwy 210, Sneads Ferry, NC 28460.

7. Defendant William Uzzell, III ("Uzzell") is an adult individual and owner and manager of Defendant Fat Burgers, including during all times relevant to this action.

8. During all relevant times to this action, Defendant Uzzell controlled Defendant Fat Burgers' pay practices with respect to its employees, including Ms. Norris.

9. Plaintiff is informed and believes that at all relevant times all Defendants and each of them, were and are the agents, servants, employees, joint venturers, alter egos, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of their employment and/or agency; and that each and every Defendant, while acting as a high

corporate officer, director, and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by the other co-Defendants, as herein alleged, and was responsible in whole or in part for the matters referred to herein.

10. Plaintiff is further informed and believes that Defendants, and each of them, are now and/or at all relevant times were members of and/or engaged in a joint venture, partnership, and common enterprise, and were acting within the course and scope of, and in pursuit of that joint venture, partnership, and common enterprise and, as such, were co-employers of Plaintiff during all relevant times described herein.

11. Plaintiff is further informed and believes that Defendants, and each of them, at all relevant times concurred with, contributed to, approved of, aided and abetted, condoned, and/or otherwise ratified the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## JURISDICTION AND VENUE

12. This action arises under federal statutes, including Title VII and the FLSA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the claims brought herein constitute a federal question under the laws of the United States.

13. This Court has supplemental jurisdiction over Ms. Norris' state law claims pursuant to 28 U.S. Code § 1367 because they arise out of the same circumstances as her federal claims and are based upon a common nucleus of operative fact.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendants conduct business in this district and are subject to personal jurisdiction in this district for the purposes of this action.

## ADMINISTRATIVE EXHAUSTION

15. Ms. Norris timely filed Charge(s) of Discrimination alleging sex discrimination, hostile work environment, and retaliation with the Equal Employment Opportunity Commission ("EEOC").

16. On or about May 15, 2022, the EEOC issued a right-to-sue notice and Ms. Norris timely brings this action, alleging violations of Title VII, within ninety (90) days of her receipt thereof.

17. Ms. Norris timely filed retaliatory employment discrimination complaint(s) with the North Carolina Department of Labor ("NCDOL").

18. On or about May 19, 2022, the NCDOL issued a right-to-sue letter and Ms. Norris timely brings this action, alleging violations of REDA, within ninety (90) days of her receipt thereof.

19. Ms. Norris has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## FACTS

20. In or about May of 2016, Ms. Norris began working for Defendants at Fat Burgers Sports Bar & Grill in Sneads Ferry, North Carolina. Ms. Norris began her employment as a server.

21. In or about 2018, Ms. Norris assumed more managerial duties at Defendants (while still often performing work as a server). Ms. Norris is generally responsible for the front of house at the restaurant and other server duties. As of the date of the filing of this Complaint, Ms. Norris continues to work for Defendants.

22. Since 2018, per written agreement and practice with Defendants, Ms. Norris' compensation was to be comprised of [1] a flat $700 weekly salary; [2] a certain percentage of sales/profit (paid out at the end of the year); and [3] the ability to make tips as a server.

23. In or about Fall of 2016, Defendant Uzzell and Ms. Norris began a romantic relationship, which Ms. Norris ended in or about Fall of 2019.

24. Throughout Ms. Norris' employment, Defendant Uzzell has treated employees differently on the basis of sex and made demeaning and discriminatory comments in the workplace about people on the basis of sex, including but not limited to:

   a. Referring to homosexuals as "queer" and "faggot";

   b. Repeatedly mocking a homosexual employee;

   c. Asking whether new female potential hires had "big boobs"; and

   d. Asking Ms. Norris why new female servers she hired were "so fat."

25. In or about early 2020, after Ms. Norris ended the romantic relationship with Defendant Uzzell, he began an ongoing tirade of sexual harassment, stalking, and retaliation against Ms. Norris.

26. Defendant Uzzell has frequently made comments about Ms. Norris which include, but are not limited to, repeatedly referring to her as a "whore," "gold digging whore," "bitch," and "liar."

27. On many occasions, Defendant Uzzell yelled and cursed at Ms. Norris at work and, on several occasions, physically grabbed her.

28. On one occasion, while Ms. Norris was using the restroom at work, Defendant Uzzell physically kicked in the door of the women's restroom and proceeded to verbally attack Ms. Norris, all in front of other employees and customers.

29. Upon information and belief, Defendant Uzzell obtained the means to access Ms. Norris' home (by way of her garage door opener) and visited Ms. Norris' home while she was at work.

30. On occasions when Ms. Norris was not at work, Defendant Uzzell frequently inquired about Ms. Norris' whereabouts and made derogatory comments about Ms. Norris to other employees and individuals, such as "she never did her job," "she never worked," "she was out with her boyfriends/grandpas."[1]

31. In or about November of 2020, as Defendant Uzzell continued to monitor and inquire about Ms. Norris' whereabouts, she realized that <u>a location tracker had been secretly hidden on her personal vehicle</u>. Ms. Norris finally reported Defendant Uzzell to law enforcement.

32. On or about December 8, 2020, a criminal case was initiated against Defendant Uzzell in Onslow County (20-CR-0098), in connection with the location tracker found on Ms. Norris' vehicle and her reporting of Defendant Uzzell's actions to the police.

33. In or about December of 2020, shortly after reporting Defendant Uzzell's harassing behavior to law enforcement, Ms. Norris was due to be paid a significant portion of her compensation as an annual amount of her sales/profit share (in previous years, approximately $20,000), however Defendants refused to pay her the owed and due compensation.

34. In or about April of 2021, Taylor Greene ("Greene," male), began to assume some of the operational control of the business and was held out to employees as a potential new owner of the business and the operations manager. Upon information and belief, as of the filing of this Complaint, Defendant Uzzell is still the owner/operator of Defendant Fat Burgers.

---

[1] "Grandpa" was Defendant Uzzell's term for an older male romantic partner.

35. Upon assuming a management roll with Defendants, Greene carried out sexually-discriminatory conduct and practices, including by paying Ms. Norris (and other female employees) less than new male hires who had the same or substantially similar job duties. Upon information and belief, especially after the removal of her profit-share compensation (and later tips, described below), Ms. Norris was also paid less than her male colleagues who had the same or substantially similar roles as her over the previous approximately two years.

36. On or about May 10, 2021, Ms. Norris' attorney sent a letter of representation to Defendants regarding Ms. Norris' potential legal claims for "wage and hour violations, sex harassment, and retaliation." USPS tracking confirms the letter was received by Defendants May 14, 2021.

37. On or about May 26, 2021, less than two weeks after receiving the letter from Ms. Norris' attorney, Defendants told Ms. Norris that she would no longer be eligible for tips (a significant part of her compensation). No other employees' compensation was affected and Ms. Norris was not provided any valid reason why her compensation was being reduced. Ms. Norris was also prevented from going into the company's office (which had been a normal and necessary part of her job duties).

38. On or about June 28, 2021, Ms. Norris filed a Charge of Discrimination with the EEOC against Defendants, alleging sex discrimination, hostile work environment, and retaliation.

39. Following the filing of Ms. Norris' EEOC Charge, Defendant Uzzell has continued to refer to Ms. Norris by derogatory terms on the basis of her sex to other employees and a third party vendor, including calling her a "gold digger" and "gold digging whore" and stating that Ms. Norris is a "scorned woman" who is just out for money.

7

40. In or about September of 2021, in his role as Ms. Norris' boss and employer, Defendant Uzzell continuously harassed and pressured Ms. Norris to withdraw her allegations concerning Defendant Uzzell's suspected cyber stalking (and surrounding actions) to law enforcement (described above).

41. At the end of 2021, Ms. Norris was again due to be paid a significant portion of her compensation as an annual amount of her sales/profit share, however, Defendants again failed to pay her the owed and due compensation.

42. As recently as May of 2022, despite his harassment and retaliation, Defendant Uzzell has also continued attempts to re-initiate a personal/social/romantic relationship with Ms. Norris, contacting her about his personal life, without any legitimate connection to her employment.

*Overtime*

43. In addition to Defendants' sexual harassment and retaliation, Defendants failed to properly compensate Ms. Norris (and other employees) for overtime.

44. Since in or about 2018, Ms. Norris has been paid a flat $700 weekly wage, plus tips (removed for a time in retaliation) and a sales/profit share (removed since 2020 in retaliation). During that period, Ms. Norris has regularly worked in excess of 40 hours per week, including some periods where she often worked over 60 hours in a week.

45. Since in or about 2018, although Ms. Norris performed some managerial duties, she did not qualify for an enumerated exemption under the FLSA. During many weeks (particularly after Greene assumed a managerial role), most of her time has been spent directly interacting with customers and functioning as a server. Other front-of-house employees were

8

mostly (or all) part-time employees and usually only 1-2 were present at a time, other than Ms. Norris.

46. From 2018 through in or about May of 2021, Defendants did not pay *any* employees overtime at 1.5x the employee's regular rate of pay.

47. Ms. Norris specifically told Defendant Uzzell on multiple occasions that the company needed to pay employees who worked over 40 hours in a week proper overtime pay (at 1.5x rate). Instead, Defendant Uzzell maintained a practice of paying other employees in cash, at their regular rate of pay, for time worked over 40 hours per week (intentionally circumventing Defendants' payroll software system).

48. Defendants have never compensated Ms. Norris for hours she worked in excess of 40 in a week (despite beginning to pay other employees overtime).

## COUNT I
### Title VII - Discrimination on the Basis of Sex
### [1] Hostile Work Environment; [2] Discrimination; and [3] Retaliation
### (Against Defendant Fat Burgers only)

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. At all relevant times, Defendant was an "employer" under Title VII.

51. In doing the acts alleged herein, Defendant subjected Ms. Norris to severe and pervasive harassment on the basis of sex.

52. The sexual harassment was primarily carried out by Defendant's owner/operator, Defendant Uzzell.

53. The acts alleged herein were unwelcome, as well as subjectively and objectively offensive.

54. Defendant failed to take proper remedial action and failed to protect Ms. Norris from continued harassment on the basis of her sex.

55. Ms. Norris engaged in protected activity by: opposing/complaining about Defendant Uzzell's sexual harassment, reporting Defendant Uzzell's stalking and harassment to law enforcement, and retaining an attorney to represent her regarding claims of sexual harassment (conveyed to Defendant in writing).

56. Ms. Norris experienced retaliation and discrimination from Defendant's management after complaining about, reporting, and opposing Defendant Uzzell's sexual harassment, including but not limited to: further harassment, the loss of her sales/profit share, and the loss of her ability to earn tips.

57. Defendant failed to properly train and educate its management and staff about sexual harassment and failed to promulgate, disseminate and/or enforce an adequate sexual harassment policy for Defendant's employees.

58. Defendant treated Ms. Norris (and other female employees) disparately on the basis of sex, including but not limitted to by paying male employees more than female employees of comparable (or greater) skill and experience.

59. Ms. Norris suffered and continues to suffer severe emotional distress as a direct and proximate result of being sexually harassed and subjected to a sexually hostile and retaliatory work environment while employed with Defendant.

60. As a direct and/or proximate result of Defendant's violations of her rights, Ms. Norris has suffered serious injury and damages, and is entitled to compensable damages.

61. Defendant engaged in intentional discrimination and acted with malice or reckless disregard to Ms. Norris' protected rights, justifying an award of punitive damages.

## COUNT II
## Intentional Infliction of Emotional Distress
**(Against all Defendants)**

62. The foregoing allegations are incorporated herein by reference.

63. Ms. Norris was subjected to extreme and outrageous conduct by Defendants, including but not limited to the ongoing tirade of sexual harassment, stalking, and retaliation against Ms. Norris by Defendant Uzzell, described above.

64. The extreme and outrageous conduct of Defendants was intended to cause, and did cause, Ms. Norris to suffer severe emotional distress.

65. Defendant Fat Burgers had knowledge of the material facts and circumstances surrounding the extreme and outrageous conduct of Defendant Uzzell, and by words and conduct ratified the behavior of Defendant Uzzell.

66. As an actual, proximate, and foreseeable result of Defendants' actions, Ms. Norris has suffered and will continue to suffer lost back and front pay, lost benefits, pain and suffering, and extreme and severe mental and emotional distress.

67. Defendants' conduct was willful, wanton, and malicious, and evinced a reckless disregard for Ms. Norris' rights, entitling her to punitive damages.

## COUNT III
## Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201 *et seq.*)
## [1] Failure to Pay Overtime and [2] Retaliation
**(Against all Defendants)**

68. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

69. The FLSA requires employers to pay non-exempt employees 1.5 times the employee's regular rate of pay for all hours worked in excess of forty (40) hours during any workweek.

70. During all relevant times, Defendants qualified as an employer under the FLSA.

71. Throughout her employment, Ms. Norris qualified as a non-exempt employee under the FLSA.

72. Since 2018, Ms. Norris has regularly worked in excess of 40 hours per week, including some periods where she often worked over 60 hours in a week.

73. Defendants failed to properly classify Ms. Norris as a non-exempt employee and failed to properly track and maintain records reflecting her hours worked.

74. Defendants failed to pay Ms. Norris (and other employees) proper overtime compensation.

75. Ms. Norris engaged in protected activity by: opposing Defendants' practice of not paying proper overtime to Defendant Uzzell and retaining an attorney to represent her regarding claims of wage and hour violations (conveyed to Defendant in writing).

76. Shortly after Ms. Norris opposed Defendants' pay practices, Defendants removed her ability to earn tips (a significant portion of her compensation) and subjected her to further harassment.

77. Defendants' actions constituted violations of the FLSA and were done willfully.

## COUNT IV
**North Carolina Wage and Hour Act ("NCWHA" - N.C. Gen. Stat. §§ 95-25.1 *et seq.*)**
**Failure to Pay Owed Wages and Tips**
**(Against all Defendants)**

78. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

79. N.C. Gen. Stat. §§ 95-25.6 provides: "Every employer shall pay every employee all wages and tips accruing to the employee on the regular payday. Pay periods may be daily,

12

Case 7:22-cv-00144-BO-BM     Document 1     Filed 08/13/22     Page 12 of 15

weekly, bi-weekly, semi-monthly, or monthly. Wages based upon bonuses, commissions, or other forms of calculation may be paid as infrequently as annually if prescribed in advance."

80. Under the NCWHA, "wage" includes "commissions, bonuses, and other amounts promised when the employer has a policy or a practice of making such payment." N.C. Gen. Stat. §§ 95-25.2.

81. Since 2018, Ms. Norris' compensation was promised by Defendants (by written agreement and in practice) to include a certain percentage of sales/profit (paid out at the end of the year), as well as the ability to make tips as a server.

82. At the end of 2020, Ms. Norris was due to receive an annual 20% sales/profit share for her past year of work.

83. Defendants failed to pay Ms. Norris her earned and owed sales/profit share at the end of 2020 (continuing for subsequent years).

84. Beginning on or about May 26, 2021, Defendants removed Ms. Norris' ability to earn tips as a server (which had been part of her compensation with Defendants for years).

85. Defendants violated the NCWHA by failing to pay Ms. Norris owed wages (in the form of annual bonus) when due and removing her ability to earn tips as a server.

86. Defendants' actions constituted violations of the NCWHA and were done willfully.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Victoria Norris respectfully requests that this Court enter judgment in her favor and grant her the following relief:

1. Order Defendants to compensate Ms. Norris, reimburse her, and make her whole for any and all pay and benefits Ms. Norris would have received had it not been for Defendants'

13

Case 7:22-cv-00144-BO-BM   Document 1   Filed 08/13/22   Page 13 of 15

illegal actions, including but not limited to back pay, front pay, salary/pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

2. Award Ms. Norris damages for her emotional distress and loss of standing in the community, in an amount to be determined by jury;

3. Award Ms. Norris unpaid back wages, tips, and overtime compensation, plus liquidated damages equal in amount to the unpaid compensation;

4. Award Ms. Norris treble damages for Defendants' violations of REDA;

5. Order Defendants to pay punitive damages to punish Defendants for their willful, deliberate, malicious, and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

6. Award Ms. Norris all reasonable costs and attorneys' fees incurred in connection with this action;

7. Award Ms. Norris injunctive relief to prohibit Defendants' further unlawful conduct in the future;

8. Award Ms. Norris prejudgment and postjudgment interest at the highest rates allowable by law;

9. Award Ms. Norris such other and further equitable and legal relief as appropriate under the circumstances; and

10. Grant Ms. Norris a trial of this matter by a jury.

# **JURY TRIAL DEMAND**

Plaintiff Victoria Norris demands a trial by jury for all issues of fact.

>/s/ L. Michelle Gessner
>L. Michelle Gessner (NC Bar No. 26590)
>GESSNERLAW, PLLC
>1213 Culbreth Drive, Suite 426
>Wilmington, North Carolina 28405
>Telephone: (704) 234-7442
>Facsimile: (980) 206-0286
>E-Mail: michelle@mgessnerlaw.com
>
>*Attorney for Plaintiff*