IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-144-D

| | |
|---|---|
| VICTORIA NORRIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAT BURGERS SPORTS BAR & GRILL, )<br>LLC AND WILLIAM UZZELL, III )<br>)<br>Defendants. ) | **ORDER** |

This matter comes before the court on defendants' emergency motion to quash third party subpoenas and alternative emergency motion for protective order [DE-36] (the "motion to quash or for protective order"). In support of its motion, defendants filed a memorandum. [DE37]. Plaintiff filed a response in opposition in which she requested sanctions [DE-39]. At issue in the motion are the subpoenas for depositions of Taylor Greene ("Mr. Greene") and Dawn C. Potter ("Ms. Potter"), and the subpoena *duces tecum* to Mr. Greene. The court held a telephonic hearing on the motion to quash or for protective order [DE-36] on October 18, 2023, November 6, 2023, and November 8, 2023 (the "motions hearings"),[1] during which counsel for plaintiff and counsel for defendants were each heard on the motion, *inter alia*.

For the reasons set forth below, defendants' motion to quash or for protective order [DE-36] is ALLOWED IN PART and DENIED IN PART. Specifically, the court modifies the subpoena to Mr. Green ([DE-36-2] at 1) by narrowing its scope from "[a]ll documents and

---

[1] As reflected in the docket in this matter, during the telephonic hearings, the court additionally addressed plaintiff's motion to compel [DE-33] and defendants' motion to compel [DE-29]. Multiple telephonic hearings were held as the parties worked to reach mutually agreed upon resolutions to the various issues raised in the respective motions without further court involvement, including defendants' emergency motion. Defendants' motion to compel [DE-29] has since been withdrawn. The instant order addresses only defendants' emergency motion [DE-36]. Other remaining discovery matters, if any, shall be addressed by separate order.

communications in your possession relating to William "Eddie" Uzzell, III or Fat Burgers Sports Bar & Grill, LLC, as well as communications with Michelle Gessner or Victoria Norris about the case or the subject matter of the case[]" to include only "[a]ll [*non-privileged*] documents and communications in your possession relating to William "Eddie" Uzzell, III or Fat Burgers Sports Bar & Grill, LLC, as well as communications with Michelle Gessner or Victoria Norris about the case or the subject matter of the case." In addition, Mr. Greene SHALL provide *all* documents that he is bringing to the deposition to defendants' counsel to perform a privilege review before plaintiff or plaintiff's counsel receives them. Defendants' counsel SHALL provide plaintiff with defendants' privilege log[2] and all non-privileged documents from Mr. Greene's production as expeditiously as possible, but no later than the earlier of: (1) 24 hours after defendants receive such documents or (2) before the commencement of Mr. Greene's deposition.

Defendants' motion to quash the subpoenas for depositions of Ms. Potter and Mr. Greene is DENIED. Plaintiff's request for sanctions is DENIED.

## I. BACKGROUND

On August 13, 2022, plaintiff filed a complaint in this action asserting claims against defendants, Fat Burgers Sports Bar & Grill, LLC and William Uzzell, III, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C.§2000e *et. seq.*), the Fair Labor Standards Act ("FLSA" – 29 U.S.C. §§ 201 *et seq.*), the North Carolina Wage and Hour Act ("NCWHA" – N.C. Gen. Stat. §§ 95-25.1 *et seq.*), the North Carolina Retaliatory Employment Discrimination Act ("REDA" – N.C. Gen. Stat. § 95-241 *et seq.*), and North Carolina common law. [DE-1]. On February 8, 2023, the court entered a scheduling order [DE-17], and subsequently

---

[2] Or otherwise comply with the requirements of Fed. R. Civ. P. 26(b)(5).

granted two motions to extend deadlines ([DE-25]; [DE-28]), ultimately extending the deadline to complete discovery to October 16, 2023. On October 10, 2023, plaintiff served defendants with copies of subpoenas for Ms. Potter and Mr. Greene to appear and testify for depositions set for October 16, 2023. Mr. Greene's subpoena required that he produce "[a]ll documents and communications in your possession relating to William "Eddie" Uzzell, III or Fat Burgers Sports Bar & Grill, LLC, as well as communications with Michelle Gessner or Victoria Norris about the case or the subject matter of the case." [DE-36-2] at 1. Defendants argue that "Dawn C. Potter is currently employed as the bookkeeper for [defendants] and has some knowledge regarding attorney-client privileged information and communications between [defendant] and [defendants'] counsel, as well as attorney work-product and information and documentation prepared in anticipation of litigation and trial preparation." [DE-36] at 2. Defendants further argue that Taylor Greene, who is no longer employed by defendant company, "is a former co-owner of Fat Burgers and has some knowledge regarding attorney-client privileged information between Fat Burgers and the undersigned counsel, as well as attorney work-product and information and documentation prepared in anticipation of litigation and trial preparation." *Id.* at 3.

On October 12, 2023, defendants filed the instant motion to quash or for protective order [DE-36]. At the initial motions hearing, the court temporarily stayed the deadline for discovery. At the subsequent telephonic hearings, the parties represented that the depositions for Ms. Potter and Mr. Greene had been rescheduled to take place during the week commencing November 13, 2023.

## II. DISCUSSION

**1. Legal principles governing discovery generally**

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 Jun. 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery

4

bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 30 prescribes requirements for depositions by oral examination. Generally, objections during depositions by oral examination are simply noted on the record, but the examination proceeds, and the testimony is taken subject to any objection. However, "[a] person may instruct a deponent not to answer when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

Rule 45 prescribes requirements for issuing and responding to subpoenas. *See generally* Fed. R. Civ. P. 45. A nonparty may respond as requested, serve objections, or timely file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(d)(2)(B), (3), (e); *see also In re Subpoena to Robert Kochan*, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. 26 Nov. 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control."). "Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable by subpoena. *Schaaf v. SmithKline Beecham Corp.,* 233 F.R.D. 451, 453 (E.D.N.C. 2005).

The court is also authorized to impose appropriate limitations on discovery. Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* (c)(1)(A), (c)(1)(D). A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized

5

statements in the motion fail to meet this burden. *Smith v. United Salt Co.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009).

    2.       **Defendants' motion to quash and/or for a protective order**

As a threshold matter, generally, a party lacks standing to challenge a subpoena issued to a nonparty. *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liability Litigation*, 287 F.R.D. 377, 382 (S.D. W. Va. 12 Jul. 2012). However, a party may move to quash a subpoena to a nonparty where production of documents in which the claimant has some personal right or privilege is at issue. *Jason's Enters., Inc. v. Gen, Acc. Ins. Co. of Am.,* Nos. 95-2553, 95-2554, 1996 WL 346515, at *5 (4th Cir. 25 Jun. 1996) (per curiam); *see also* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2549 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."). Here, defendants have asserted that Mr. Greene has in his possession documents that fall within the scope of the subpoenas, which are covered by the attorney-client privilege and work-product protection, including documents created in preparation for litigation and communications made for the purpose of securing legal assistance throughout this legal proceeding, including pre-litigation proceedings. [DE-37] at 4-7. The court notes that defendants have not waived their attorney-client privilege and do not intend to do so at this time. [DE-37] at 6. Accordingly, the court finds defendants have standing for their motion to quash the subpoenas.[3]

---

[3] But even if defendants were deemed not to have standing to challenge the subpoenas, the court alternatively construes defendants' motion as one for a protective order to enable it to consider defendants' position on the merits. *See CTB, Inc.*, 2016 WL 1244998, at *5. Moreover, the court's remedy under the motion to quash, of only allowing the motion to quash in part to protect the privileged information, could likewise be reached through a protective order. Accordingly, the court would reach the same practical outcome even if the subject of this motion were considered wholly as one for a protective order.

6

*a.  Motion to quash subpoena duces tecum*

The deposition testimony sought from Mr. Greene and the documents sought from Mr. Greene that are not covered by the attorney-client privilege and work-product doctrine are discoverable.  However, the subpoena for *duces tecum* does not limit itself to such non-privileged matters on its face.  *See* [DE-36-2] at 1 (Subpoena of Taylor Greene requesting "[a]ll documents and communications in your possession relating to William "Eddie" Uzzell, III or Fat Burgers Sports Bar & Grill, LLC, as well as communications with Michelle Gessner or Victoria Norris about the case or the subject matter of the case.").  Moreover, as the relevant privileges are held by the defendants and not Mr. Greene, for the reasons discussed below, it is reasonable that defendants do not rely on Mr. Greene to assert privilege on their behalf in response to plaintiff's subpoena.  Accordingly, plaintiff's subpoena to Mr. Greene is overbroad to the extent that it requests documents protected by privilege.

"Mere overbreadth, of course, usually warrants modifying a subpoena to narrow its scope, not quashing it."  *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 190 n.4 (4th Cir. 2019).  Accordingly, the court modifies the scope of the of the subpoena to Mr. Greene to include only "[a]ll *non-privileged* documents and communications in your possession relating to William "Eddie" Uzzell, III or Fat Burgers Sports Bar & Grill, LLC, as well as communications with Michelle Gessner or Victoria Norris about the case or the subject matter of the case."

In addition, in order to protect defendants from the inadvertent disclosure of privilege information contained in the documents that Mr. Greene is bringing to the deposition in response to plaintiff's subpoena, Mr. Greene SHALL provide *all* documents that he is bringing to the deposition to defendants' counsel to perform a privilege review before plaintiff or plaintiff's

7

counsel receives them.[4]  However, in order to mitigate any prejudice to plaintiff's counsel as a result of this disclosure, defendants' counsel shall provide plaintiff with defendants' privilege log[5] and all non-privileged documents from Mr. Greene's production as expeditiously as possible, but no later than the earlier of (1) 24 hours after defendants receive such documents or (2) the commencement of Mr. Greene's deposition.

      b.  *Motion to quash subpoenas for depositions of Ms. Potter and Mr. Greene*

Defendants have represented that Ms. Potter is still an employee of defendants.  Defendants can instruct Ms. Potter not to answer deposition questions in order to preserve their privilege in accordance with Fed. R. Civ. P. 30(c)(2).

In the case of Mr. Greene, "[f]ormer employees, as opposed to current ones, cannot waive the corporate attorney-client privilege because they do not hold it."  *Gibbs v. Stinson*, No. 3:18CV676, 2021 WL 4853575, at *8 n.10 (E.D. Va. Oct. 17, 2021) (citing *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 349 (1985).  Defendants can instruct Mr. Greene not to answer questions during the deposition to preserve their privilege in accordance with Fed. R. Civ. P. 30(c)(2).[6]  If Mr. Greene fails to comply, defendants' corporate privilege will not be waived.

---

[4] During the motions hearing on November 8, 2023, plaintiff's counsel indicated her understanding that Mr. Greene is now represented by counsel and suggested that defendants' counsel could reach out to such counsel to seek review of the relevant documents ahead of Mr. Greene's deposition.  While the court will leave to the parties the logistics surrounding compliance with this court's instant order, it notes the merits of having the privilege review required by this order occur well before the commencement of Mr. Greene's deposition, and has written the order to account for this scenario, if necessary.

[5] Or otherwise comply with the requirements of Fed. R. Civ. P. 26(b)(5)

[6] Given the fact specific nature of the privileges defendants are seeking to assert in the present context, the court finds that an *ex-ante* blanket protective order limiting inquiry into matters covered by "attorney-client privilege" or the like would be untenable and would not greatly improve upon the protections afforded by Fed. R. Civ. P. 30(c)(2) and associated caselaw.  In addition, the court reminds all attorneys present at the deposition of their responsibilities related to privileged information, as well as the respect for the rights of third persons under the North Carolina Rules of Professional Conduct and associated ethics opinions.

Accordingly, defendants' motion to quash the subpoenas for depositions of Ms. Potter and Mr. Greene is DENIED.

### 3. Sanctions

In her response to the instant motion, plaintiff requests that sanctions be imposed on defendants, claiming that defendants and defendants' counsel "filed their frivolous motion knowing that the motion was unfounded and wholly improper." [DE-39].

The court does not find any evidence to support plaintiff's contention that defendants' motion to quash or for protective order was filed for an improper purpose. Accordingly, an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The court therefore declines to make any such award, and each party shall bear its own expenses incurred on their respective filings. For the foregoing reasons, plaintiff's request for sanctions [DE-39] is DENIED.

### III. CONCLUSION

For the reasons set forth above, defendants' motion to quash or for protective order [DE-36] is ALLOWED IN PART and DENIED IN PART. The court orders as follows:

a. The scope of the subpoena to Mr. Greene is modified to include only "[a]ll *non-privileged* documents and communications in your possession relating to William "Eddie" Uzzell, III or Fat Burgers Sports Bar & Grill, LLC, as well as communications with Michelle Gessner or Victoria Norris about the case or the subject matter of the case."

b. Mr. Greene SHALL provide *all* documents that he is bringing to the deposition to defendants' counsel to perform a privilege review before plaintiff or plaintiff's counsel receives them.

c. Defendants' counsel SHALL provide plaintiff with defendants' privilege log[7] and all non-privileged documents from Mr. Greene's production as expeditiously as possible, but no later than the earlier of: (1) 24 hours after defendants receive such documents or (2) before the commencement of Mr. Greene's deposition.

d. Defendants' motion to quash the subpoenas for depositions of Ms. Potter and Mr. Greene is DENIED.

e. Plaintiff's request for sanctions is DENIED.

SO ORDERED, this 9th day of November, 2023.

Brian S. Meyers
United States Magistrate Judge

---

[7] Or otherwise comply with the requirements of Fed. R. Civ. P. 26(b)(5).