IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-144-D

VICTORIA NORRIS,

        Plaintiff,

v.

FAT BURGERS SPORTS BAR & GRILL, LLC AND WILLIAM UZZELL, III

        Defendants.

**ORDER**

This matter comes before the court on plaintiff's motion to compel [DE-33] and of the court's own initiative to lift the stay created by its previous verbal order. On February 8, 2023, the court entered a scheduling order [DE-17], and subsequently granted one motion to amend the scheduling order [DE-22] and two motions to extend deadlines ([DE-26]; [DE-28]), ultimately extending the deadline to complete discovery to October 16, 2023. On October 12, 2023, plaintiff filed a motion to compel discovery of certain documents [DE-33]. On October 12, 2023, defendants filed an emergency motion to quash third party subpoenas and alternative emergency motion for protective order ("motion to quash or for protective order") [DE-36]. The court held telephonic hearings on the pending motions on October 18, 2023, November 6, 2023, and November 8, 2023 (the "motions hearings"),[1] during which counsel for plaintiff and counsel for defendants were each heard.

At the initial motions hearing, the court temporarily stayed the deadline for discovery. At the subsequent telephonic hearings, the parties represented that, by mutual agreement between the

---

[1] As reflected in the docket in this matter, during the telephonic hearings, the court also addressed defendants' motion to compel [DE-29]. Multiple telephonic hearings were held as the parties worked to reach mutually agreed upon resolutions to the various issues raised in the respective motions without further court involvement, including defendants' emergency motion. Defendants' motion to compel [DE-29] has since been withdrawn.

parties, the depositions at issue in defendants' motion to quash or for protective order [DE-36] had been rescheduled to take place during the week commencing November 13, 2023. The court ruled on defendants' motion to quash or for protective order by separate order [DE-49].

During the November 6, 2023 telephonic hearing, counsel for defendants agreed to the production of the documents at issue in plaintiff's motion to compel [DE-33], if subject to a protective order. The parties subsequently filed a jointly proposed protective order [DE-46], which the court adopted and filed on November 8, 2023.

A telephonic status conference was held on November 8, 2023. After hearing from the parties regarding the documents at issue in plaintiff's motion to compel, the court directed defendants to provide the agreed upon documents to counsel for plaintiff no later than noon on November 9, 2023. On November 10, 2023, defendants filed their response in opposition [DE-51] to plaintiff's motion to compel [DE-33], in which defendants represented that as of November 9, 2023, they had produced all responsive documents to plaintiff's second set of discovery requests and that the issues raised in plaintiff's motion to compel [DE-33] were now moot.

Based on the representations by defendants that they have now produced the documents that were the subject of plaintiff's motion to compel, as well as the representations by the parties during the telephonic hearings discussed herein, the court DENIES plaintiff's motion to compel [DE-33] AS MOOT.

In her motion to compel [DE-33], plaintiff requests an order directing that defendants pay plaintiff's expenses associated with plaintiff's motion to compel, including reasonable attorneys' fees. [DE-33] at 2. The counsel for both parties met and conferred on multiple occasions in an attempt to resolve the issues raised by plaintiff's motion to compel. While resolution of the discovery matters without the need for motions to compel is always preferred, it is not always

possible. In this case, the bilateral amicable resolution of the underlying issues in question by the parties is noted. Based on the circumstances, the court finds that an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The court therefore declines to make any such award, and each party shall bear its own expenses incurred on its respective motions. For the foregoing reasons, plaintiff's requests for attorney's fees and other expenses for plaintiff's motion to compel is DENIED.

Based upon the foregoing, the court LIFTS the stay of the discovery deadline in this matter and ORDERS that the Scheduling Order is hereby amended as follows:

a. Discovery Completion: October 16, 2023 ➔ November 17, 2023.

b. Dispositive Motions: November 13, 2023 ➔ December 14, 2023.

SO ORDERED, this 13th day of November, 2023.

Brian S. Meyers
United States Magistrate Judge