IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-144-BO-BM

| | |
|---|---|
| VICTORIA COSTNER, | ) |
| Plaintiff, | ) |
| v. | ) **RESPONSE TO PLAINTIFF'S** |
| | ) **PROPOSED SUPPLEMENTATION** |
| FAT BURGERS SPORTS BAR & | ) **OF PRE-TRIAL ORDER** |
| GRILL, LLC and WILLIAM | ) |
| UZZELL, III, | ) |
| Defendants. | ) |

Plaintiff filed her "Supplementation to Proposed Pretrial Order" on October 22, 2025. (DE 116). Defendants Fat Burgers Sports Bar & Grill, LLC and William Uzzell, III ("Defendants") make this response to that proposed Supplementation. For the reasons set out below, at least, the video and transcript of Sherif Iskander's deposition should not be admitted into evidence or presented to the jury in this action.

**I.      Background.**

Plaintiff seeks to introduce portions of Sherif Iskander's deposition testimony at trial. Mr. Iskander is the Defendants' accountant. His *de bene esse* deposition was taken on October 7, 2025. Plaintiff's questions to Mr. Iskander revolved around the profitability of Fat Burgers in 2021 and 2022, the company's applications for Paycheck Protection Program (PPP) and Restaurant Revitalization Fund (RRF) loans during the COVID pandemic, the forgiveness of those loans, and the company's tax returns for 2022 and prior years. (*See* **Exhibit 1** – complete transcript of deposition of Sherif Iskander).

## II. Mr. Iskander's Testimony is Irrelevant to Any Pending Issues.

The issues discussed in Mr. Iskander's deposition relate only to claims that were dismissed on summary judgment, specifically the Plaintiff's allegations that she was owed bonuses from the restaurant's profit in 2021 and 2022. (DE 63, pp. 31-32, "Fat Burgers did not pay her annual share of the profits in 2021 or 2022 because there were no profits to share."). Plaintiff apparently seeks to argue, again, that these loans would have increased the restaurant's profitability and resulted in her receiving a bonus. This issue is the subject of Plaintiff's current Motion for Reconsideration (DE 106). That Motion will not be fully briefed before the trial of this action. Mr. Iskander's testimony is irrelevant to all remaining issues in the case. It should, therefore, be excluded from evidence pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

Further, even if relevant, testimony about these topics would only serve to confuse the issues in the case, mislead the jury, and cause prejudice to the Defendants by introducing evidence about their finances that has no bearing on any remaining issue in this lawsuit. The testimony should also be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

## III. The Court's Judicial Preference Order and Local Civil Rules Exclude This Evidence.

To the extent that Plaintiff seeks to introduce the video of the deposition of Mr. Iskander, she has neither sought nor obtained an Order from this Court allowing the use of a video deposition at trial, in contradiction to Judicial Preference Order 23-JP 1-BO. Her request to use the video deposition should be denied. Further, Plaintiff's

designation of deposition testimony was not timely pursuant to the requirements of Local Civil Rule 16.1(b)(2) and (c)(4). The deposition should be excluded from evidence for these reasons as well.

### IV. If Admitted, Additional Testimony Should Be Included.

If the Court allows use of either the video or the transcript of Mr. Iskander's deposition at the trial of this action, then pursuant to Fed. R. Civ. P. 32(a)(6) the Defendants ask that the following additional sections of the deposition be presented to the jury along with those contained in Plaintiff's Supplementation:

**Page(s)/Lines**
4:12-22
7:13-21
12:6-10
25:16-20
26:19-28:7
31:13-24
32:14-18
33:23-34:2
47:4-25
48:1-49:3
52:17-23
53:7-54:3
57:24-58:11
58:18-20
62:7-24
64:9-17
65:8-66:10
68:1-18
69:23-25
70:4-71:7
71:14-22
74:2-7

### V. Conclusion.

For the reasons set out above, at least, the Court should exclude both the video and the transcript of the deposition of Sherif Iskander from evidence at trial. If the

Court admits the video or the transcript of this deposition, then Defendants respectfully request that the additional testimony set out in Section IV., above, also be presented to the jury.

This the 24th day of October 2025.

> BY: /s/ Marshall Wall
> F. Marshall Wall
> CRANFILL SUMNER LLP
> Post Office Box 27808
> Raleigh, NC 27611-7808
> Telephone: (919) 828-5100
> Fax: (919) 828-2277
> Email: MWall@cshlaw.com
> *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-144-D-BM

| VICTORIA COSTNER, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **CERTIFICATE OF SERVICE** |
| FAT BURGERS SPORTS BAR & | ) |
| GRILL, LLC and WILLIAM | ) |
| UZZELL, III, | ) |
| | ) |
| Defendants. | ) |

    The undersigned hereby certifies that on October 24, 2025 *Response* was filed electronically with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system which will send notification of this filing and an electronic copy of the same to all counsel of record registered with the CM/ECF system:

    /s/ Marshall Wall
    F. Marshall Wall
    CRANFILL SUMNER LLP
    Post Office Box 27808
    Raleigh, NC 27611-7808
    Telephone: (919) 828-5100
    Fax: (919) 828-2277
    Email: MWall@cshlaw.com
    *Attorneys for Defendants*